UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

RONALD R. SCELSON                              CIVIL ACTION

VERSUS                                         NUMBER: 10-04362

SLIDELL POLICE DEPARTMENT, ET AL.              SECTION: "B"(5)


                    **REPORT AND RECOMMENDATION**


     This 42 U.S.C. §1983 proceeding was filed in forma pauperis ("IFP") by pro se plaintiff, Ronald R. Scelson, against defendants, the Slidell Police Department ("SPD"), the City of Slidell, and unnamed members of the SPD Swat Team.

     Plaintiff is an inmate of the St. Tammany Parish Jail who indicates in his complaint that he was arrested on June 23, 2009 for molestation of a juvenile and was convicted of said crime on September 13, 2010.  Given the nature of the offense and his prior criminal record, plaintiff alleges that the deployment of the SPD Swat Team at his place of employment to effect the arrest, and to utilize unnecessary force in the process, was grossly excessive and

an abuse of power under the circumstances.  For the mental anguish that he continues to suffer as a result of this incident, plaintiff requests declaratory relief as well as compensatory and punitive damages.

Plaintiff has instituted suit herein <u>in forma pauperis</u> pursuant to 28 U.S.C. §1915.  A proceeding brought <u>in forma pauperis</u> may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii).  <u>See also</u> 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c).  Giving the instant complaint a liberal reading, it is the recommendation of the Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

Plaintiff's claims against the defendants falter for a variety of reasons.  As respects the SPD, the law is clear that such entities are not suable under §1983. <u>Banks v. U.S., et al.</u>, 2007 WL 1030326 at *11 (E.D. La. 2007); <u>Eddy v. City of Miami</u>, 715 F.Supp. 1553, 1556 (S.D. Fla. 1989); <u>Shelby v. City of Atlanta</u>, 578 F.Supp. 1368, 1370 (N.D. Ga. 1984).  Accordingly, plaintiff's §1983 claim against the SPD should be dismissed pursuant to §1915(e)(2)(B)(i) and (ii).  The law is also clear that in order to hold a

municipality like the City of Slidell liable under §1983, a plaintiff must identify "... (1) a policy (2) of the city's policymaker (3) that caused (4) the plaintiff to be subjected to the deprivation of a constitutional right." Palmer v. City of San Antonio, Texas, 810 F.2d 514, 516 (5th Cir. 1987)(quoting Gandstaff v. City of Borger, Texas, 767 F.2d 161, 169 (5th Cir. 1985), cert. denied, 480 U.S. 917, 107 S.Ct. 1369 (1987)).  Isolated incidents are not sufficient to show that a policy or custom of the municipality existed. Bennett v. City of Slidell, 728 F.2d 762, 768 n.3 (5th Cir. 1984)(en banc), cert. denied, 472 U.S. 1016, 105 S.Ct. 3476 (1985).  As plaintiff herein makes no allegation that the incident complained of resulted from a policy or custom adopted or maintained by the City of Slidell, his claim against that entity should be dismissed under §1915(e)(2)(B)(i) and (ii) as well.

In addition, an applicable defense that is shared by both the SPD and the City of Slidell is that of prescription.  Because §1983 contains no statute of limitations, federal courts look to the most analogous state statute of limitations had the action been brought in state court. Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938 (1985).  In Louisiana, delictual actions are subject to a prescriptive period of one year. LSA-C.C. Art. 3492; Elzy v. Roberson, 868 F.2d 793, 794 (5th Cir. 1989).  The prescriptive period begins to run from the moment the plaintiff knows or has

reason to know of the injury that forms the basis of his complaint. <u>Helton v. Clements</u>, 832 F.2d 332, 334-35 (5th Cir. 1987).

The incident of which plaintiff complains occurred on June 22, 2009 yet he did not sign his complaint until well over one year later on November 10, 2010.  As such, plaintiff's §1983 claim is clearly prescribed and should thus be dismissed with prejudice under §1915(e)(2)(B)(i) and (ii).  <u>Graves v. Hampton</u>, 1 F.3d 315, 319 (5th Cir. 1983).[1]

Finally, insofar as plaintiff has attempted to name unidentified members of the SPD Swat Team as defendants herein, such unidentified persons are not capable of being cast in judgment under Rule 17, Federal Rules of Civil Procedure.

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed

---

[1] To the extent that plaintiff's allegations implicate the validity of his conviction and his confinement attendant thereto, he makes no showing of having had said conviction declared invalid by a state or federal tribunal, absent which he has no §1983 cause of action.  <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S.Ct. 2364 (1994).

factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

    New Orleans, Louisiana, this  29th  day of   November  , 2010.

                                      ALMA L. CHASEZ
                              UNITED STATES MAGISTRATE JUDGE